| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>**Caption in Compliance with D.N.J. LBR 9004-1(b)**<br><br>ANSELL GRIMM & AARON, P.C.<br>1500 Lawrence Avenue, CN-7807<br>Ocean, NJ 07727<br>(732) 922-1000<br>By: James G. Aaron, Esq.<br>Attorneys for the Debtor | **Order Filed on February 28, 2023**<br>**by Clerk**<br>**U.S. Bankruptcy Court**<br>**District of New Jersey** |
| In Re:<br><br>ROBERT S. GUINDI,<br><br>   Debtor. | Case No.: 22-11556<br><br>Hon. Kathryn C. Ferguson<br>Chapter 7<br><br>Hearing Date: February 28. 2023 at 10:00 AM |

## ORDER APPROVING SETTLEMENT AGREEMENT AND MUTUAL RELEASES AND DENYING MOTION TO DISMISS BANKRUPTCY CASE

The relief set forth on the following pages, numbered two (2) through two (2) is hereby **ORDERED**.

**DATED: February 28, 2023**

_Honorable Kathryn C. Ferguson_
_United States Bankruptcy Judge_

066115.000003 8206507v1

*In re Robert S. Guindi*; Case no. 22-11556
<u>Order Approving Settlement Agreement and Denying Motion to Dismiss Case</u>

Upon the motion of the creditor NextGear Capital, Inc. to dismiss the within case; and the Debtor's

cross-motion to approve a settlement agreement; and for cause shown,

**IT IS hereby:**

**ORDERED** that the creditor NextGear Capital, Inc.'s Motion to dismiss the within case is hereby

denied; and it is further

**ORDERED** that the Settlement Agreement and Mutual Releases is hereby approved in the form

annexed hereto.

The movant shall serve this order on the Debtor, any Trustee, and any other party who entered an

appearance on the motion.

## SETTLEMENT AGREEMENT AND MUTUAL RELEASES

This Settlement Agreement and Mutual Releases (the "Agreement") is entered into by and between NextGear Capital, Inc. ("Plaintiff") and Robert S. Guindi ("Defendant"), and is effective as of the Effective Date set forth below:

## RECITALS:

WHEREAS, on or about June 30, 2022, Plaintiff filed an Adversary Complaint (the "Complaint") against the Defendant in the U.S. Bankruptcy Court for the District of New Jersey under Cause No. 22-01184-MBK (the "Lawsuit") seeking to obtain a judgment rendering certain debts of the Defendant to Plaintiff nondischargeable pursuant to 11 U.S.C. §§ 523(a)(2)(A) and (a)(4);

AND WHEREAS, Defendant denies the allegations asserted by Plaintiff in the Lawsuit;

AND WHEREAS, Plaintiff and Defendant (together, the "Parties") wish to resolve the Lawsuit as between them and all issues raised or capable of being raised therein, and to terminate the disputes which they have with one another related to the Lawsuit through the terms set forth in this Agreement;

NOW, THEREFORE, it is agreed as follows:

## 1.    EFFECTIVE DATE.

This Agreement shall be binding on the Parties on the first date upon which all of the following conditions have been satisfied (the "Effective Date"): (a) each of the Parties has executed this Agreement where indicated below; (b) Defendant has filed a motion to approve this Agreement in accordance with Rule 9019 of the Federal Rules of Bankruptcy Procedure; (c) an Order approving this Agreement conforming in all materials respects to the terms of the Agreement (the "Approval Order") is entered by the Court; and (d) the time to move for reconsideration or

appeal of the Approval Order has (i) expired and no motion for reconsideration or appeal is

pending, or (ii) if a motion for reconsideration or appeal has been sought, when the Approval Order

shall have been affirmed by the highest court to which such order was appealed, or the petition for

a writ of certiorari shall have been denied. If the Approval Order does not become final following

the conclusion of all such appeals, petitions, or motions, this Agreement shall be null and void.

Each of the Parties preserves any and all of its claims, rights and defenses should the Effective

Date not occur.

2.    **CONSENT JUDGMENT.**

The Parties have executed a Consent Judgment in Plaintiff's favor (the "Judgment")

substantially identical to the document attached to this Agreement as <u>Exhibit 1</u>, which Judgment

is incorporated by reference as if fully set forth herein. Plaintiff shall file the Judgment with the

Court following the Effective Date. Pursuant to the Judgment, the sum of Two Hundred Twenty-

Five Thousand and no/100 Dollars ($225,000.00) (the "Judgment Amount") shall be determined

to be a non-dischargeable debt of Defendant to Plaintiff pursuant to 11 U.S.C. §§ 523(a)(2). The

Court's approval of the Judgment is a material term of this Agreement and, in the event that the

Judgment is not approved by the Court for entry, then NextGear shall be entitled to file a motion

to enforce settlement to obtain a judgment in the Judgment Amount, with the payment and other

terms outlined in this Agreement remaining in effect, subject to the provisions set forth in Section

4 of this Agreement.

3.    **PAYMENT AND COVENANT NOT TO EXECUTE FOR EIGHTEEN (18)
MONTHS.**

Plaintiff shall neither execute on the Judgment, nor initiate proceedings supplemental to

execution, for eighteen (18) months from the date of entry of the Judgment by the Court.

066115.000003 8168907v1

Beginning no later than June 30, 2024, Defendant shall pay Plaintiff the sum of One Thousand and no/100 Dollars ($1,000.00) each month (each, a "Payment"), in good funds, towards the Judgment, with subsequent Payments to be due on the last day of each consecutive calendar month thereafter, for a total of forty-eight (48) months, and a corresponding total of Forty-Eight Thousand and no/100 Dollars ($48,000.00) (the "Settlement Amount"). All Payments must be received by NextGear Capital by their respective due dates.

All Payments made pursuant to this Agreement may be paid by wire transfer; by telephonic credit card authorization; by pre-approved Automated Clearing House (ACH) withdrawal from a financial institution within the United States; or, if sent by U.S. Mail or private carrier, delivered to:

> NextGear Capital, Inc.
> ATTN: Risk and Recovery, Acct. #88119
> 11799 N. College Ave.
> Carmel, IN 46032

Provided that no Default has occurred and is continuing under this Agreement, no interest shall accrue on the Judgment, and Plaintiff shall neither execute on the Judgment nor initiate proceedings supplemental to execution. In the event that Defendant pays the entirety of the Settlement Amount without a default being declared under this Agreement, the Judgment shall be considered fully satisfied, and Plaintiff shall file a Warrant to Satisfy Judgment for the full Judgment amount, substantially in the form set forth in Exhibit 2, with the Warrant to Satisfy Judgment to be signed and held in escrow by Defendant's counsel pending full payment as set forth in this Section.

4.    **DEFAULT.**

In the event that Defendant fails to remit timely any Payment described in Section 3 of this Agreement, Plaintiff shall send written notice of such default (a "Default Notice") to Defendant

066115.000003 8168907v1

and his counsel, Anthony J. D'Artiglio, and Defendant shall be entitled to cure such non-payment

by remitting any past-due Payment within five (5) business days after the date of such Default

Notice.

If Defendant fails to cure the non-payment within five (5) business days after the date of

such Default Notice, Defendant shall be declared in Default of this Agreement and Plaintiff shall

*or under* be entitled to execute on the Judgment in the full Judgment Amount, less any Payments received

*U.S Sect..n* by Plaintiff under this Agreement as of that date, irrespective of Section 3 of this Agreement, and

*1141 if the* judgment interest shall be calculated on the Judgment Amount as of the date of such Default.

*Underlying
Case is
converted to a
case under
Chapter 11
of the
Bankruptcy
Code*

## 5.     BANKRUPTCY DISCHARGE AS A CONDITION OF SETTLEMENT.

The Parties agree that this Settlement Agreement is entered on the condition that Defendant

anticipates receiving a bankruptcy discharge in Case Number 22-11556 in the U.S. Bankruptcy

Court for the District of New Jersey (the "Underlying Case"), either under 11 U.S.C. § 1328, upon

completion of his Chapter 13 Plan, or alternatively under 11 U.S.C. § 727 if the Underlying Case

is converted to a case under Chapter 7 of the Bankruptcy Code.   If the Underlying Case is

*debtor
Counsel* dismissed, or the Defendant waives his discharge in the Underlying Case for any reason, or an

order is entered in the Underlying Case denying or revoking the Defendant's discharge for any

reason, this Settlement Agreement shall be of no effect to settle or otherwise satisfy Defendant's

*Nextgear* debts and obligations to Plaintiff, including the Judgment, and the Judgment shall be immediately

vacated with NextGear having no right to enforce or attempt to collect on the Judgment.

Upon Defendant's receipt of a discharge in the Underlying Case, Defendant, through

counsel, shall be authorized to file the stipulation of dismissal, with prejudice, substantially in the

form attached here as Exhibit "3" in relation to the action filed in the New Jersey Superior Court,

Middlesex County captioned as NextGear Capital, Inc. v. A and D Motors Limited Liability

066115.000003 8168907v1

Company, d/b/a, World Class Automobiles, et al., MID-L-7624-19 (the "State Court Action").
Upon execution of this Agreement, NextGear shall also provide to Defendant an executed
stipulation of dismissal, with prejudice, substantially in the form attached as Exhibit "3" that
Defendant shall hold in escrow pending a discharge in the Underlying Case, and which shall not
be filed in the State Court Action until and unless Defendant receives a discharge in the Underlying
Case. As part of executing this Agreement, NextGear acknowledges that Defendant was dismissed
from the State Court Action, without prejudice, pursuant to a February 28, 2022 administrative
order of the Court in the State Court Action as a result of the filing of the Underlying Case and
that the automatic stay remains in place while the Underlying Case is pending. NextGear explicitly
agrees that, regardless of the disposition of the Underlying Case, it will not seek to both enforce
the Judgment and pursuant Defendant in the State Court Action.

6.    **PLAINTIFF'S RELEASE.**

Subject to the obligations set forth in this Agreement, inclusive of the conditions set forth
in Sections 2 through 5 above, this Agreement shall immediately, and without further notice to any
Party, constitute a release by Plaintiff, in which Plaintiff, on behalf of itself, its current and former
agents, representatives, successors in interest, assigns, affiliates, predecessors, parents and
subsidiaries, and all those acting on its behalf, RELEASES and FOREVER DISCHARGES
Defendant and all of his current and former agents, attorneys, successors-in-interest and assigns,
from any and all claims, demands, damages, indebtedness, action, and causes of action, known or
unknown, on account of, arising out of, or in any way connected with the Lawsuit and all claims
that were raised or could have been raised therein.

7.    **DEFENDANT'S RELEASE.**

This Agreement constitutes a release by Defendant, in which Defendant, on behalf of

066115.000003 8168907v1

himself, his current and former agents, representatives, successors in interest, assigns, affiliates, predecessors, parents and subsidiaries, and all those acting on his behalf, RELEASES and FOREVER DISCHARGES Plaintiff and all of its current and former agents, employees, partners, officers, servants, directors, attorneys, affiliates, parents, subsidiaries, predecessors, successors-in-interest and assigns, none of whom admit any liability, from any and all claims, demands, damages, indebtedness, action, and causes of action, known or unknown, on account of, arising out of, or in any way connected with the Lawsuit and all claims and counterclaims that were raised or could have been raised therein.

8.    **ASSIGNMENT.**

This Agreement shall be binding upon and shall inure to the benefit of the Parties and their respective heirs, executors, administrators, assigns, legal representatives, and successors-in-interest.

9.    **MERGER.**

This Agreement represents the entire agreement between the Parties. There are no other written or oral agreements between the Parties which purport to resolve the claims that were raised or could have been raised in the Lawsuit, and no promise, enticement or agreement not herein expressed has been made. This Agreement contains, and is, the entire agreement and understanding between the Parties concerning settlement of the Lawsuit. The above Recitals are incorporated herein and form an integral part of this Agreement.

10.    **CHOICE OF LAW AND FORUM.**

This Agreement shall be governed by, construed by, and enforced in accordance with the laws of the State of New Jersey.

11.    **WAIVER INEFFECTIVE.**

066115.000003 8168907v1

No waiver, modification, or amendment of any term, condition, or provision of this Agreement shall be valid or have any force or effect unless made in writing and signed by both Parties to this Agreement.

12. **SEVERABILITY.**

Should any provision of this Agreement be held invalid or illegal, such invalidity or illegality shall not invalidate the whole of this Agreement, but rather the Agreement shall be construed as if it did not contain the invalid or illegal part, and the rights and obligations of the Parties shall be construed and enforced accordingly.

13. **ATTORNEY FEES AND COSTS.**

Each Party shall be responsible for its own attorney fees and court costs, except that in the event of a Default, Plaintiff shall be entitled to pursue its reasonable attorney fees and court costs incurred in filing and collecting the Judgment or, in the event of a breach of this Agreement by either Party, the Party who obtains a final judgment in its favor in any subsequent litigation shall be entitled to recovery of their reasonable attorney fees and costs in such litigation.

14. **EXECUTION.**

This Agreement may be executed in one or more counterparts, each of which shall be deemed an original, but all of which, together, shall constitute one and the same instrument.

**IN WITNESS WHEREOF,** the undersigned agree to all terms of this Agreement.

NextGear Capital, Inc.

By: _____        1/19/2023
Gary M. Hoke                                DATE
Asst. General Counsel, Finance/Lending

066115.000003 8168907v1

Robert S. Guindi

1/13/2023

DATE

# EXHIBIT 1

066115.000003 8168907v1

Case 22-01184-KCF    Doc 29    Filed 03/21/23    Entered 03/21/23 08:36:13    Desc Main
Document      Page 12 of 18

**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY**

**Eckert Seamans Cherin & Mellott, LLC**
2000 Lenox Drive, Suite 203
Lawrenceville, New Jersey 08648
(609) 392-2100
*Attorneys for Plaintiff, NextGear Capital, Inc.*
Nicholas M. Gaunce

In re:

ROBERT S. GUINDI,

     Debtor.

---

NEXTGEAR CAPITAL, INC.,

     Plaintiff,

v.

ROBERT S. GUINDI,

     Defendant.

CASE NO. 22-11556-MBK

Chapter 13

Adv. Pro. No. 22-01184-MBK

Judge: Hon. Michael B. Kaplan, U.S.B.J.

<u>**CONSENT JUDGMENT**</u>

The plaintiff in this action, NextGear Capital, Inc. ("Plaintiff"), filed this adversary proceeding seeking a determination that certain debts owed by Robert S. Guindi ("Defendant") to Plaintiff are not dischargeable. No adverse interest appears requiring notice pursuant to Bankruptcy Rule 2002. Accordingly, with the consent of the Parties evidenced by the signatures of Plaintiff's counsel and Defendant and his counsel on this judgment,

IT IS HEREBY ORDERED that judgment is hereby entered in favor of Plaintiff and against the Defendant in the amount of Two Hundred Twenty-Five Thousand and no/100 Dollars ($225,000.00) (the "Judgment");

066115.000003 8168907v1

AND IT IS FURTHER ORDERED that the Judgment is hereby determined to be

nondischargeable in bankruptcy pursuant to 11 U.S.C. §§ 523(a)(2).

### 

[END OF ORDER]

Consented to by:

_____          _____1/13/2023_____
Robert S. Guindi                                                         DATE

Presented by:

NEXTGEAR CAPITAL, INC.
By: _____        1/20/2023
    Nicholas M. Gaunce
    ECKERT SEAMANS CHERIN & MELLOTT, LLC
    Princeton Pike Corporate Center, Suite 203
    2000 Lenox Dr.
    Lawrenceville, NJ 08648
    Telephone: (609) 989-5058
    E-mail: ngaunce@eckertseamans.com
    *Attorney for Plaintiff, NextGear Capital, Inc.*

ROBERT S. GUINDI
By: _____        1/30/2023
    Anthony J. D'Artiglio, Esq.
    ANSELL GRIMM & AARON, P.C.
    365 Rifle Camp Road
    Woodland Park, New Jersey 07424
    Telephone: (973) 247-9000
    E-mail: ajd@ansellgrimm.com
    *Attorneys for Defendant, Robert S. Guindi*

066115.000003 8168907v1

**EXHIBIT 2**

066115.000003 8168907v1

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEW JERSEY**

**Eckert Seamans Cherin & Mellott, LLC**
2000 Lenox Drive, Suite 203
Lawrenceville, New Jersey 08648
(609) 392-2100
*Attorneys for Plaintiff, NextGear Capital, Inc.*
Nicholas M. Gaunce

In re:

ROBERT S. GUINDI,

        Debtor.

-----------------------------------------------------------

NEXTGEAR CAPITAL, INC.,

        Plaintiff,

v.

ROBERT S. GUINDI,

        Defendant.

CASE NO. 22-11556-MBK

Chapter 13

Adv. Pro. No. 22-01184-MBK

Judge: Hon. Michael B. Kaplan, U.S.B.J.

## WARRANT TO SATISFY JUDGMENT

### TO THE CLERK OF THE ABOVE NAMED COURT:

     **WHEREAS** Judgment was entered in the above-entitled action in favor of Plaintiff NextGear Capital, Inc. ("Plaintiff") against Defendant Robert S. Guindi ("Defendant") entered on _____, in the total amount of $225,000.00 (the "Judgment").

     **WHEREAS** on _____, Plaintiff and Defendant entered into a Settlement Agreement which, among other things, provides for a satisfaction of the Judgment upon certain terms.

     **NOW THEREFORE** this is your warrant and authority to enter on the aforesaid record, the Satisfaction of that Judgment dated _____, in the amount of $225,000.00 in favor of Plaintiff, which has been **satisfied in full as to Plaintiff**, as of the date hereof.

     **NOW THEREOFRE**, full and complete satisfaction of said Judgment is hereby

066115.000003 8168907v1

acknowledged, and the Clerk of the Court is hereby authorized and directed to make entry of the full and complete satisfaction on the docket of said Judgment

Dated: 1/20/2023

By: _____
NextGear Capital, Inc.
By: Nicholus M. Gaunce
Its: counsel of record

     I certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated: 1/20/2023

By: _____
NextGear Capital, Inc.
By: Nichola M Gau
Its: counsel of record

066115.000003 8168907v1

# EXHIBIT 3

**ANSELL GRIMM & AARON, P.C.**
Joshua S. Bauchner, Esq. (#0551242013)
Anthony J. D'Artiglio (#117682014)
365 Rifle Camp Road
Woodland Park, New Jersey 07424
(973) 247-9000 Phone
(973) 247-9199 Facsimile

*Attorneys for Defendants Dawn M. Guindi, Samir B. Guindi, Guindi Properties, LLC, and
Estguin Wholesalers, LLC, d/b/a World Class Auto*

| | |
|---|---|
| NEXTGEAR CAPITAL, INC.,<br><br>                                    Plaintiff,<br><br>         v.<br><br>A AND D MOTORS LIMITED LIABILITY COMPANY, D/B/A WORLD CLASS AUTOMOBILES; ESTGUIN WHOLESALERS, LLC, D/B/A WORLD CLASS AUTO; ELI J. ZILBERMAN; CAROLYN D. ZILBERMAN; ROBERT S. GUINDI; DAWN M. GUINDI; SAMIR B. GUINDI; GUINDI PROPERTIES, LLC,<br><br>                                    Defendants. | SUPERIOR COURT OF NEW JERSEY MIDDLESEX COUNTY – LAW DIVISION<br><br>CIVIL ACTION<br><br>DOCKET NO.: MID-L-7624-19<br><br>**STIPULATION OF DISMISSAL** |

The matters in difference in the above-entitled action having been amicably adjusted between plaintiff NextGear Capital, Inc. ("Plaintiff") and defendants Estguin Wholesalers, LLC d/b/a World Class Auto; Dawn M. Guindi; Samir B. Guindi and Guindi Properties, LLC ("Defendants"), it is hereby stipulated and agreed that the Amended Complaint is dismissed with prejudice as to defendant Robert S. Guindi, with all parties to bear their own costs and fees.

ECKERT SEAMANS CHERIN & MELLOT, LLC          ANSELL GRIMM & AARON, P.C.

By: *s/Nicholas M. Gaunce*                                   By:     *s/Anthony J. D'Artiglio*
     Attorney for Plaintiff                                              Attorney for Defendants

DATED: _____                                     DATED: _____

066115.000003 8168907v1